IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1790-B |
| | § | NO. 3-07-CR-0384-B |
| PATRICIA BYRD WHITE | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Patricia Byrd White, a federal prisoner, has filed a motion to correct, vacate, or set aside her sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to three counts of wire fraud in violation of 18 U.S.C. § 1343. Punishment was assessed at a total of 37 months confinement, followed by a three-year term of supervised release. No appeal was taken. Instead, defendant filed this motion under 28 U.S.C. § 2255.

II.

In four grounds for relief, defendant contends that: (1) her sentence was improperly enhanced under U.S.S.G. § 3B1.3; (2) the PSR contained factual errors that were not reported to the trial court; (3) the prosecutor breached his agreement to recommend a sentence at the lower end of the guideline range; and (4) defense counsel was ineffective for withdrawing his objections to the PSR.

A.

The court summarily rejects defendant's claims involving the enhancement of her sentence and factual errors in the PSR. Post-conviction relief under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice. *See United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 978 (1992). Other types of error may not be raised under section 2255 unless the defendant shows that the error could not have been presented on direct appeal and, if condoned, would result in a complete miscarriage of justice. *See United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 113 S.Ct. 621 (1992). The only recognized exception to this rule is in an "extraordinary case" where "a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Shaid*, 937 F.2d at 232, *quoting Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986).

Here, defendant could have sought appellate review of her claims involving the two-level sentence enhancement under U.S.S.G. § 3B1.3 and factual errors in the PSR, but failed to do so. Defendant does not allege, much less prove, "cause" for her procedural default. Moreover, the sentencing errors identified by defendant do not give rise to constitutional issues or constitute "a fundamental defect inherently resulting in a complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998), *citing United States v. Smith*, 844 F.2d 203, 206 (5th Cir. 1988). These grounds for relief should be overruled.[1]

---

[1] After the PSR was prepared, the probation officer became aware of typographical errors in certain paragraphs pertaining to defendant's criminal history. Those errors were corrected in a supplement to the PSR. (*See* Gov't Resp. App., Exh. C at 28-30).

B.

Defendant further contends that the prosecutor breached his promise to recommend a sentence at the lower end of the guideline range.  According to defendant, she "pleaded guilty and agreed not to file an appeal upon conviction based on the fact that such recommendation would be made."  (*See* Def. Mot. at 2).  The court notes that defendant pled guilty without a plea agreement.  (*See* Gov't Resp. App., Exh. A, Rearraign. Tr. at 5).  Before accepting her guilty plea, the trial court inquired:

> Understanding that there's no plea agreement, I just have to make sure that, as you enter this plea of guilty, no one has promised you anything to get you to plead guilty, guaranteed you a sentence or made you any kind of a promise of a benefit that you or your family might receive by pleading guilty.
>
> DEFENDANT:  No one has told me that.
>
> THE COURT:  Has anyone threatened you or intimidated you or made you feel pressure to plead guilty?
>
> DEFENDANT:  No.
>
> THE COURT:  Are you pleading guilty freely and voluntarily and for no other reason?
>
> DEFENDANT:  Yes.

(*Id.*, Exh. A, Rearraign. Tr. at 5-6).  This sworn testimony carries a strong presumption of veracity in a subsequent habeas proceeding.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).

Nor did defendant agree to waive her right to appeal as a result of any promise made by the government.  To the contrary, defendant was advised by the trial court that she had the right to appeal her sentence:

> Ms. White, you have the right to appeal this sentence. If you decide
> to appeal, then you have to file a notice of appeal within ten days of
> the date I enter the judgment in this case. If you can't afford a lawyer
> for your appeal, the Court will appoint one for you. I am not
> suggesting you do or don't, but I am required to let you know about
> that right of appeal.

(Gov't Resp. App., Exh. B, Sent. Tr. at 64). This ground for relief should be overruled.

### C.

Finally, defendant argues that she received ineffective assistance of counsel because her attorney withdrew his objections to the PSR. In order to obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.*, 104 S.Ct. at 2064-65. Second, the defendant must establish prejudice--that she was subjected to increased jail time due to the deficient performance of her attorney. *See United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004), *citing Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001). The two prongs of the *Strickland* test need not be analyzed in any particular order. *See United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). If a defendant fails to satisfy either prong, her claim of ineffective assistance of counsel must fail. *Id.*

At the sentencing hearing, defense counsel withdrew his objection to a two-level sentence enhancement under U.S.S.G. § 3B1.3.[2] Under that section:

> If the defendant abused a position of public or private trust, or used
> a special skill, in a manner that significantly facilitated the
> commission or concealment of the offense, increase by 2 levels. This

---

[2] Counsel did not withdraw his other objections to the PSR, none of which affected the calculation of defendant's sentence under the guidelines. (*See* Gov't Resp. App., Exh. B, Sent. Tr. at 7-8).

adjustment may not be employed if an abuse of trust or skill is
included in the base offense level or specific offense characteristic.

U.S.S.G. § 3B1.3.  After researching the case law, counsel candidly acknowledged that defendant,

a credit analyst for Bell Sports, Inc. who diverted customer payments to her own personal credit

account, probably qualified for an abuse of trust enhancement. (*See* Gov't Resp. App., Exh. B, Sent.

Tr. at 5).  The trial court agreed.  As the judge explained:

> [I] have looked at some cases, and it is a discretionary kind of a fact-
> intensive review by the Court, but I think you are correct for a couple
> of reasons.
>
> Looking at the Roberts case, which is U.S. v. Roberts and that is--it's
> not a published case, but the Westlaw is 2003 Westlaw 22121006 out
> of the 5th Circuit of '03 that provides some detail as to the analysis
> that the Circuit undertakes on this question when we are looking at
> the position of trust.
>
> There's another case that I think also supports that Ms. Smith was in
> a position of trust and was entrusted by her employer to watch and
> handle these funds within the meaning of the two-level enhancement,
> and that's U.S. v. Smith, 203 F.3d 884, the enhancement starts at
> Keynote 13 and in the discussion it talks about that as well.
>
> And finally, just to support your position, the case of U.S. v. Ehrlich,
> 902 F.2d 327, is also a discussion about all of this.  And the
> discussion is in the first page of the opinion, as well as under
> Keynotes 5 and 6.
>
> So that, as well as the presentence report where it discusses the
> manner in which the crime was undertaken, Offense Conduct section,
> specifically paragraphs 7, 8, 9, 10 and 11, I think--all the way through
> that section I think support that it was a position of trust.  So I just
> wanted to make sure the record reflected that.

(*Id.*, Exh. B, Sent. Tr. at 6-7).  It is clear that the trial court would have imposed a two-level sentence

enhancement under section 3B1.3 even if counsel had not withdrawn his objection to the PSR.

Under these circumstances, defendant cannot show that she was subjected to increased jail time due

to the deficient performance of her attorney.  This ground for relief should be overruled.

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  November 30, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE